## STATE OF FLORIDA v. JAMES A. ROWE

6 So. (2nd) 267                          Division A
February 10, 1942

J. Tom Watson, Attorney General, Sidney L. Segall, Assistant Attorney General, and Kenneth Ballinger and Woodrow M. Melvin, Special Assistant Attorneys General, for appellant.

Mabry Carlton, for appellee.

BUFORD, J.:

On appeal prosecuted by the State under Section 286, Florida Criminal Procedure Act, we review order of the Criminal Court of Record in and for Duval County, Florida, quashing an information charging perjury.

The information appears by the record to be in words and figures as follows, to-wit:

"In the Criminal Court of Record, of the County of Duval, and State of Florida, December Term, in the year of our Lord one thousand nine hundred and forty

"State of Florida vs. James A. Rowe

"Information for Perjury.

"In the Name and by Authority of the State of Florida.

"Wayne E. Ripley, County Solicitor for the County of Duval, prosecuting for the State of Florida in the said County under oath, information makes that on the twenty first day of November in the year of our Lord one thousand nine hundred and forty in the County and State aforesaid, a certain cause was then and there pending in the Circuit Court, in and for Duval County, Florida, in which one James A. Rowe was complainant and Ruby Rowe, wife of the said James A. Rowe, was defendant. The said cause was a suit for divorce of which the said Circuit Court then and there had jurisdiction. That said cause came on to be heard and was heard on said day in said County before the Honorable DeWitt T. Gray, Judge of said Circuit Court, and thereupon the said James A. Rowe, then and there became and was a witness in his own behalf in said cause and was then and there duly sworn according to law by and before the Honorable DeWitt T. Gray, Judge as aforesaid, to depose and speak the truth in said cause, the said Honorable DeWitt T. Gray having then and there as Judge of said Circuit Court, lawful and competent authority to administer such oath. That upon the hearing aforesaid of said cause it then and there became and was a material matter respecting which said oath was taken the place of residence of the said Ruby Rowe, and thereupon the said James A. Rowe, being sworn as aforesaid to speak the truth as aforesaid, and wickedly contriving and intending to cause and procure a decree granting him a divorce from his said wife, to be made by the Judge of said Circuit Court, he, the said James A. Rowe, did then and there wilfully, falsely, wickedly, knowingly, maliciously, and corruptly and by his own consent upon his oath afore-

said, in the County and State aforesaid, and on the day aforesaid, depose, swear, and say in substance and effect, among other things, that the place of residence of the said Ruby Rowe was then unknown to him, the said James A. Rowe; all of which said testimony of the said James A. Rowe was material matter to the issues in said cause then and there being heard by and before the Honorable DeWitt T. Gray, Judge of the Circuit Court in and for Duval County, Florida, as aforesaid, and all of said testimony of the said James A. Rowe was then and there willfully, designedly, knowingly and corruptly perjured, false and untrue, the truth in fact as the said James A. Rowe then and there well knew, that the said Ruby Rowe on the day aforesaid, was residing in Macclenny, Baker County, in the State of Florida; and thereupon the said testimony of the said James A. Rowe, that he, the said James A. Rowe, did not then know where the said Ruby Rowe resided was false, and the said James A. Rowe well knew it was false. Wherefore, the said James A. Rowe in the manner and form and by the means aforesaid, did then and there wilfully commit the crime of perjury, contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the State of Florida."

The appellee has not favored us with a brief, though the same is long past due.

It will be observed that the information alleges, "That upon the hearing aforesaid of said cause it then and there became and was a material matter respecting which said oath was taken the place of residence of the said Ruby Rowe."

This phraseology is confusing but it is followed by other language, viz:

"All of which said testimony of the said James A. Rowe was material matter to the issues in said cause then and there being heard by and before the Honorable DeWitt T. Gray, Judge of the Circuit Court in and for Duval County, Florida" and, therefore, the confusion that might arise by reason of the use of the language first quoted is cleared away by the language used in the second quotation.

We find no infirmity in the Information which warrants the order quashing the same.

Whether or not the alleged false and perjured testimony was material to the issues is a matter to be determined from evidence produced. If it should be shown that the accused was attempting to procure a decree of divorce based upon constructive service pursuant to allegations that the place of residence of the defendant was unknown to him, then the question as to whether or not the place of residence of the defendant was known to the complainant would be most material. On the other hand, if personal service in due course had been had on the defendant, whether or not the accused had knowledge of the place of the then residence of the defendant might not be material.

The order appealed from is reversed and the cause remanded for further proceedings.

So ordered.

BROWN, C. J., WHITFIELD and ADAMS, JJ., concur.